T.C. Summary Opinion 2008-29

UNITED STATES TAX COURT

DORA MARGARET BENSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7781-06S.                    Filed March 13, 2008.

Dora Margaret Benson, pro se.

<u>Michael W. Lloyd</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income taxes for 2002 and 2003 of $3,011 and $6,942, respectively. The central issue for decision is whether petitioner's activities were engaged in with a profit objective as contemplated by section 183.[2] For the reasons discussed below, we hold for respondent.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' extensive stipulation of facts and accompanying exhibits.

At the time the petition was filed, Dora Margaret Benson resided in Colorado.

In 2000 petitioner, a registered nurse, won $4 million in the Colorado lottery. She received $2,720,000, and to honor her late mother, set up a memorial/Christian counseling center, the Lila Osborne Memorial. In addition to running the memorial, petitioner continued her employment as a nurse.

In 2000 petitioner acquired a building for the memorial. Petitioner's family helps her with the building without compensation. Her sister helps her run the building, and

---

[2] To the extent not discussed herein, other issues are computational in nature and flow from our decision in this case.

petitioner's nephew helps her maintain the building and its grounds.

The building has nine offices, a waiting room, and a bathroom. Petitioner's two brothers play videogames and use their computers in one of the building's offices. Another office is used as a prayer room by a volunteer missionary who provides free counseling services. Still another office houses a reading room with books on religion and a computer on which visitors can access and view six different versions of the Bible. Petitioner provides reflexology and mortgage broker services in other rooms of the building; according to her testimony, she provides these services to maintain income for the memorial. Petitioner also thought these activities would be good ways to provide for her retirement.

From 2000 through late 2002, petitioner's activities reported on Schedule C, Profit or Loss from Business, were operated under the trade name of Lila Osborne Memorial (Memorial). The Schedules C for the Memorial, however, reflect only a single activity, reflexology services. Petitioner testified that it was her intent that the Memorial be an umbrella organization for all of her various activities.[3]

---

[3] Although petitioner created Benson Exposition, Inc., an S corporation, in late 2002 to be the umbrella organization for the memorial and her various activities, she continued to report income and expenses on Schedules C listing Lila Osborne Memorial.

(continued...)

In 2002 and 2003, petitioner's Schedules C showed combined expenses of $55,301 and gross receipts of $445.  Respondent denied expense deductions beyond the gross receipts earned.

### Discussion

#### I.  The Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving those determinations wrong.  Rule 142(a); INDOPCO, Inc. v Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under section 7491, the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's tax liability.  Sec. 7491(a)(1).  In this case there is no such shift because petitioner neither alleged that section 7491 was applicable nor established that she fully complied with the requirements of section 7491(a)(2).  The burden of proof remains on petitioner.

#### II.  The Period of Limitations

Petitioner expressed concern in her petition that the period

---

[3](...continued)
Benson Exposition, Inc. has not filed a corporate return since its inception.  Although there is some confusion as to whether the activities in this case were conducted by Benson Exposition, Inc., or by petitioner herself doing business as Lila Osborne Memorial, the analysis remains the same.  See sec. 1.183-1(f), Income Tax Regs. (explaining that a taxpayer's intent is attributable to his or her wholly owned S corporation); see also sec. 1.183-1(d)(1), Income Tax Regs.

of limitations on assessment had expired on her 2002 taxable year.

Generally, an income tax must be assessed within 3 years after the applicable return is filed. Sec. 6501(a). In this case, petitioner timely filed her 2002 Federal income tax return on April 15, 2003. April 15, 2006, was 3 years after that date. As the notice of deficiency was sent on January 25, 2006, the period of limitations on petitioner's 2002 taxable year remained open at the time the notice was sent.[4]

III. Petitioner's Lack of Profit Objective

Section 183 specifically precludes deductions for activities not engaged in for profit except to the extent of the gross income derived from such activities. Sec. 183(a) and (b)(2). Given that petitioner had gross receipts of only $445 for the 2 years at issue, the remainder of her Schedule C expenses are only deductible if we find that petitioner engaged in her activities with the requisite profit objective. For reasons discussed more fully below, we find that petitioner was not engaged in the activities at issue with the necessary profit objective, and consequently, we hold for respondent.

---

[4] See also sec. 6501(h) as it relates to petitioner's loss carryforward, discussed infra, and sec. 6503(a)(1) regarding suspending the running of the period of limitations upon the issuance of a notice of deficiency and filing of a petition for redetermination.

For a taxpayer's expenses in an activity to be deductible under section 162, Trade or Business Expenses, or section 212, Expenses for Production of Income, and not subject to the limitations of section 183, a taxpayer must show that he or she engaged in the activity with an actual and honest objective of making a profit. Hulter v. Commissioner, 91 T.C. 371, 392 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); Hastings v. Commissioner, T.C. Memo. 2002-310. Profit means an economic profit apart from any tax consequences. See Surloff v. Commissioner, 81 T.C. 210, 233 (1983). Although a reasonable expectation of a profit is not required, the taxpayer's profit objective must be actual and honest. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs. Whether a taxpayer has an actual and honest profit objective is a question of fact to be answered from all the relevant facts and circumstances. Hulter v. Commissioner, supra at 393; Hastings v. Commissioner, supra; sec. 1.183-2(a), Income Tax Regs. Greater weight is given to objective facts than to a taxpayer's mere statement of intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs. The taxpayer bears the burden of establishing he or she had the requisite profit objective. Rule 142(a); Keanini v. Commissioner, 94 T.C. 41, 46 (1990); Hastings v. Commissioner, supra.

The regulations set forth a nonexhaustive list of factors that may be considered in deciding whether a profit objective exists. These factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) any elements indicating personal pleasure or recreation. See sec. 1.183-2(b), Income Tax Regs.

No single factor, nor even the existence of a majority of factors favoring or disfavoring the existence of a profit objective, is controlling. See id. Rather, the relevant facts and circumstances of the case are determinative. See Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981).

In this case, petitioner did not maintain accurate books and records for any of her activities. See sec. 1.183-2(b)(1), Income Tax Regs. In fact, it is unclear from the record what percentage of her expenses should have been attributed to any activity other than reflexology services.

Petitioner also failed to develop a budget or a business plan for any of her activities.  Although budgets and business plans are not required, a lack of information upon which to make educated business decisions tends to belie a taxpayer's contentions that an activity was pursued with the objective of making a profit.  Dodge v. Commissioner, T.C. Memo. 1998-89, affd. without published opinion 188 F.3d 507 (6th Cir. 1999).

A taxpayer's history of income or losses with respect to the activity can also indicate whether a profit objective was present.  Sec. 1.183-2(b)(6), Income Tax Regs.  Here, petitioner reported only losses from the activities and never made a profit from any of them.

Using the same analytic framework set out in the regulations, it is clear that the Lila Osborne Memorial building was not held with a profit objective; petitioner did not charge admission, nor did she charge her brothers rent for their use of space in the building.  She had no tenants.  Only two of the rooms were used for activities that might generate income. Similarly, it is clear that the free reading room and free spiritual counseling were offered to the public with no profit objective.  Therefore, we focus the rest of our discussion on the mortgage and reflexology services offered by petitioner.

A. Mortgage Services

A taxpayer's expertise, research, and study of an activity, as well as his or her consultation with experts, may be indicative of a profit objective. Sec. 1.183-2(b)(2), Income Tax Regs. Despite taking a mortgage broker class, petitioner demonstrated confusion surrounding the basic difference between being a mortgage broker and a mortgage lender. For example, she testified at trial that the reason she had not done any business as a mortgage broker was that she was concerned about her obligations should the borrower go into default. Petitioner did make some personal loans to friends and relatives which were reported on her Schedule B, Interest and Ordinary Dividends, but these were not made as part of the activities at issue here. She also provided no indication that she was a licensed or registered mortgage broker in the State of Colorado, or that she had consulted others who were either successful mortgage brokers or mortgage lenders for assistance and advice.

Even if we were persuaded, arguendo, that petitioner intended to engage in this activity with the necessary profit objective, any expenses attributable to it would not be deductible pursuant to section 162.

Section 162(a) permits a deduction for the ordinary and necessary expenses of carrying on a trade or business. In order for a taxpayer to deduct expenses under section 162(a), the

expenses must relate to a trade or business functioning at the time the expenses were incurred. See, e.g., <u>Hardy v. Commissioner</u>, 93 T.C. 684, 687 (1989), affd. in part and remanded in part per order (10th Cir., Oct. 29, 1990). A taxpayer is not carrying on a trade or business for section 162(a) purposes until the business is functioning as a going concern and performing the activities for which it was organized. <u>Richmond Television Corp. v. United States</u>, 345 F.2d 901, 907 (4th Cir. 1965). Carrying on a trade or business requires a showing of more than initial research into or investigation of business potential. <u>Dean v. Commissioner</u>, 56 T.C. 895, 902 (1971); <u>McKelvey v. Commissioner</u>, T.C. Memo. 2002-63, affd. 76 Fed. Appx. 806 (9th Cir. 2003). Business operations must have actually commenced. <u>Dean v. Commissioner</u>, <u>supra</u> at 902; <u>McKelvey v. Commissioner</u>, <u>supra</u>.

As noted above, petitioner has not brokered any mortgages. Although she did take a class, any efforts petitioner made to establish her mortgage services as a business and an activity engaged in for profit are more appropriately described as startup activities, or investigative activities, and not the activities of a going concern such that any of her expenses in this arena would be considered properly deductible under section 162.[5]

---

[5] Startup expenditures must be capitalized and may be amortized under sec. 195 once the activity begins.

B.  Reflexology Services

Petitioner studied reflexology, and was well situated to provide such services based on her many years as a trained and skilled nursing professional.  See sec. 1.183-2(b)(2), Income Tax Regs.  In addition, she did earn some income, however modest, from the activity.  See sec. 1.183-2(b)(6), Income Tax Regs.  In the 2 years at issue, her gross receipts totaled $445.  However, petitioner's losses have been substantial, totaling $55,301 in that same period.  See id.

The goal of an activity engaged in for profit "must be to realize a profit on the entire operation, which presupposes not only future net earnings but also sufficient net earnings to recoup the losses which have meanwhile been sustained".  Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967); see also Nissley v. Commissioner, T.C. Memo. 2000-178; sec. 1.183-2(b)(7), Income Tax Regs.  Petitioner has not demonstrated that she has taken any steps to minimize losses or increase earnings in order to recoup the sizable losses she has sustained.  Accordingly, we are not persuaded that petitioner has engaged in this activity with a profit objective sufficient to satisfy section 183.

Even if we were to have found that petitioner's reflexology activity was engaged in for profit, petitioner did not meet her burden to provide sufficient evidence that the expenses reflected on her Schedules C were ordinary and necessary for the operation

of that activity.  See sec. 162; Rule 142(a); <u>INDOPCO Inc. v. Commissioner</u>, 503 U.S. at 84; <u>Welch v. Helvering</u>, 290 U.S. at 115.

IV.  <u>The Loss Carryforward</u>

Petitioner's 2002 Federal income tax return reflects a loss carryforward of $16,192 from prior years.  The Schedule C activities from those prior years giving rise to the loss are the same ones at issue in this case.  Respondent denied petitioner's claimed loss deduction on the basis of sections 183 and 162.

At the outset, we note that section 172 permits taxpayers to carry net operating losses (NOLs) from one taxable year to another, but generally requires that taxpayers first carry such losses back 2 years.  Sec. 172(b)(1)(A) and (2).  Taxpayers may elect only to carry forward their NOLs, but the statute requires an express and irrevocable election.  Sec. 172(b)(3).  Petitioner did not provide the Court with any information as to whether such an election had been made.

Further, as we find that petitioner's activities were not engaged in with the requisite profit objective to meet the standard set out in section 183, and as petitioner has failed to demonstrate that any expenses incurred were reasonable and necessary to carrying on an active trade or business pursuant to section 162, we hold for respondent on this issue.

## Conclusion

For the reasons discussed above, and on the basis of all of the facts and circumstances present in this case, we hold that petitioner was not engaged in any of the activities at issue with the profit objective contemplated by section 183.  See also Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, <u>supra</u> at 84; <u>Welch v. Helvering</u>, <u>supra</u> at 115.  Accordingly, we find for respondent.

To reflect our disposition of the disputed issues,

<u>Decision will be entered for respondent</u>.